IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATTHEW HEIMANN, individually and on behalf of the citizens and taxpayers of Stanton County, Nebraska;

Plaintiff,

vs.

MIKE UNGER, individually and in his official capacity as Sheriff of Stanton County, Nebraska; AARON KLEENSANG, individually and in his official capacity as Chief Deputy, Stanton County Sheriffs Office; and STANTON COUNTY, NEBRASKA, a political subdivision;

Defendants.

**4:26CV3117**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Filing No. 3.) The request for a temporary restraining order will be denied, and Plaintiff's request for a preliminary injunction will be held in abeyance pending notice to Defendants.

**BACKGROUND**

Briefly summarized, Plaintiff's Complaint alleges that Defendant Mike Unger, the Sheriff of Stanton County, Nebraska, is abusing his public office by retaliating against citizens who voice opposition to the candidacy of Defendant Aaron Kleensang, the Chief Deputy, to replace Defendant Unger as Sheriff. (Filing No. 1.) The Complaint alleges that Defendant Unger and Defendant Kleensang have used county resources, "including uniforms, badges, office space,

letterhead, press release infrastructure, and compensated work hours" to campaign for Defendant Kleensang.  (Filing No. 1.)  Plaintiff further alleges that Defendant Unger "exploited a per-call emergency medical services ("EMS") stipend program to enrich himself at the expense of the health and safety of Stanton County residents."  (Filing No. 1.)

Plaintiff asserts a temporary restraining order ("TRO") is necessary because the Republican primary election is scheduled for May 2026 (Filing No. 1), and mail-in-ballots are scheduled to be mailed beginning on or about April 12, 2026 (Filing No. 3).  Plaintiff's motion for a TRO requests that the Court enjoin Defendants (1) from using official Stanton County Sheriff's Office press releases, letterhead, social media accounts, or other official communications infrastructure, or personal phones, devices, or accounts used in connection with official authority, to target, identify, rebuke, or retaliate against any citizen for expressing a political opinion; (2) from using official authority, resources, uniforms, badges, official titles, or county-owned facilities, or personal phones, devices, or accounts used in connection with official authority, for campaign purposes in connection with the May 12, 2026 primary election or any subsequent election; and (3) from effectuating any appointment of Defendant Unger as a deputy sheriff or any appointment of Deputy Josh Bennett to a management position, to the extent such appointments are the product of "the corrupt Arrangement" alleged in the Complaint; and additionally require (4) any complaints regarding misconduct by the Stanton County Sheriff's Office received during the pendency of this action be referred to the Nebraska Attorney General's Office or an independent authority for investigation.  (Filing No. 3.)

**DISCUSSION**

Federal Rule of Civil Procedure 65 governs issuance of preliminary injunctions and temporary restraining orders.  Fed. R. Civ. P. 65.  The standard for analyzing a motion for a TRO is the same as the standard for analyzing a motion for a preliminary injunction. *Tumey v. MyCroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022).  For each, the court considers (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction would inflict on other interested parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest ("*Dataphase* factors"). *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.3d 109, 113 (8th Cir. 1981)).  No single factor is dispositive. *Tumey*, 27 F.4th at 665.  The

2

primary function of a TRO is to preserve the *status quo* until the district court has an opportunity to grant full effective relief. *Id*. The burden of establishing the propriety of a TRO is on the movant. *Id*.

A preliminary injunction may not be issued without notice to the adverse party. Fed. R. Civ. P. 65. However, a court may issue a TRO without written or oral notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> *(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.*

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Plaintiff's attorney, Paul D. Heimann ("Attorney Heimann"), submitted a declaration along with the motion for a TRO, acknowledging that he has not provided notice of the motion to the Stanton County Attorney, W. Bert Lammli, because the Complaint alleges that "Lammli's office received complaints about Defendant Unger's misconduct and failed to act, that Lammli's inaction is central to the Monell municipal liability claim, and that routing notice through the County Attorney's Office would effectively provide advance notice to Defendant Unger through the compromised institutional channels described in the Complaint." (Filing No. 3-2.) However, Attorney Heimann represents that copies of the motion and supporting materials will be served on Defendants Unger, Kleensang, and on the Stanton County Sheriff's Office for delivery to the Board of Supervisors "as soon as practical." (Filing No. 3-2.)

A TRO is an emergency remedy which should be issued only in exceptional circumstances. *Zidon v. Pickrell*, 338 F. Supp. 2d 1093, 1094-95 (D.N.D. 2004). Having reviewed the materials submitted, the Court concludes that Plaintiff has not sufficiently demonstrated a threat of irreparable harm such that issuance of a TRO without notice to Defendants is appropriate. Attorney Heimann has indicated that copies of the motion and supporting materials will be served soon. Once service occurs, the Court will schedule a short hearing on Plaintiff's request for a preliminary injunction.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request for a TRO is denied.
2. Plaintiff's request for a preliminary injunction is held in abeyance, pending notice of the motion on Defendants.
3. Defendants shall respond to Plaintiff's request for a preliminary injunction within seven (7) days of its service.
4. Upon receipt of Defendants' response, the Court will set the matter for a hearing.

Dated this 10th day of April, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

4